

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00112-CR
_____

IN RE MATTHEW LEE FLOWERS, RELATOR

ORIGINAL PROCEEDING

April 8, 2025

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Pending before the court is the pro se petition for writ of mandamus filed by relator, Matthew Lee Flowers. Through it, he asks us to direct the Honorable Steven Emmert, presiding judge of the 31st District Court (trial court), to release the results of DNA testing or to provide relator with 1) where the evidence was sent for testing, 2) when the evidence was sent for testing, and 3) the projected release of the results of the testing. Allegedly, the trial court was obliged to provide such information under article 64.03(d)(3) of the Code of Criminal Procedure. We deny the petition.

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of

discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.).

To establish an abuse of discretion, a relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *In re Dunn*, No. 07-24-00372-CV, 2024 Tex. App. LEXIS 8885, at *2 (Tex. App.—Amarillo Dec. 19, 2024, orig. proceeding.). To establish no adequate remedy by appeal, a relator must show there is no adequate remedy at law to address the alleged harm and the act requested is a ministerial act, not involving a discretionary or judicial decision. *Id.* (citing *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding)). To establish a ministerial act, a relator must also show 1) a legal duty to perform, 2) a demand for performance, and 3) a refusal to act. *Id.* The relator can satisfy the requirement of a ministerial act if he can show a clear right to the relief sought. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding).

It is true that a convicting court may order forensic DNA testing upon compliance with the conditions of article 64.03 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a) (so stating). That testing may be conducted by either 1) the Department of Public Safety (DPS), 2) a laboratory operating under contract with the DPS, or 3) another laboratory if so requested by the applicant and the said laboratory meets certain accreditation measures. TEX. CODE CRIM. PROC. ANN. art. 64.03(c)(1-3). Where the third option is ordered, the trial court must also order that, "on completion of the DNA testing, the results of the testing and all data related to" it "be immediately filed

2

with the court and copies of the results and data be served on the convicted person and the attorney representing the state." *Id.* at 64.03(d)(3); *see also Booker v. State*, 155 S.W.3d 259, 264 (Tex. App.—Dallas 2004, no pet.) (holding that "Article 64.03(d)(3) requires the trial court to make such an order if the testing was not performed by a Department of Public Safety laboratory or a laboratory under contract with the department" and "[i]n this case, the testing was performed by a Department of Public Safety laboratory, so article 64.03(d)(3) does not apply").

Yet, relator provided no evidence indicating that the DNA testing purportedly ordered by the trial court has been completed. Simply put, we cannot order the release of non-existent data.

More importantly, though, relator also failed to accompany his petition with a copy of the trial court's order purporting to grant his request for and mandate DNA testing. This is of concern because the authority he relies on as basis for a writ directing disclosure of the testing results, i.e., article 64.03(d)(3), applies only when an entity other than the DPS or one in contract with the DPS performs the testing. *See Booker, supra.* So, without a copy of the order mandating testing, relator did not prove the trial court had an obligation to comply with article 64.03(d)(3).

Finally, and to the extent relator asks in the alternative that we direct the trial court to provide: 1) where the evidence was sent for testing, 2) when the evidence was sent for testing, and 3) the projected release of the results of the testing, he cites no authority establishing said court had a ministerial duty to provide such information.

Relator's petition for a writ of mandamus is denied.  The Clerk of this Court is directed to serve Judge Emmert with a copy of this order and the petition for writ of mandamus in a manner affording Judge Emmert actual notice of same.


Brian Quinn
Chief Justice


Do not publish.